**Rosa G. PEREZ, Plaintiff–Appellant,**

v.

**Michael J. ASTRUE,* Defendant–Appellee.**

No. 05–16579.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 15, 2007.

Filed Sept. 12, 2007.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* Michael J. Astrue is substituted for his predecessor Jo Anne Barnhardt as Commissioner of

the Social Security Administration. Fed. R.App. P. 43(c)(2).

Joel D. Leidner, Esq., Los Angeles, CA, Harvey P. Sackett, Esq., San Jose, CA, for Plaintiff–Appellant.

Donna M. Montano, Esq., Social Security Administration, Office of the General Counsel, San Francisco, CA, Paul S. Padda, U.S. Attorney's Office, South Las Vegas, NV, for Defendant–Appellee.

Before: HAWKINS, THOMAS, and BEA, Circuit Judges.

## MEMORANDUM **

Rosa G. Perez appeals the district court's judgment affirming the denial of her claim for disability insurance benefits. Because the parties are familiar with the history of this case, we do not recount it here.

### I

■ The Administrative Law Judge ("ALJ") rejected the opinion of Dr. Deere, Perez's treating physician, that Perez was disabled and unable to return to work. In so doing, the ALJ did not sufficiently explain his reasons for finding Dr. Deere's assessments out of proportion with other evidence in the record, and thus failed to "give specific, legitimate reasons for disregarding the opinion of the treating physician." *Batson v. Comm'r of the Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir.2004) (internal quotation marks omitted).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

We also remand the case to the district court because the ALJ's findings regarding Perez's residual functional capacity are internally inconsistent and not supported by substantial evidence. *Id.* at 1193. The ALJ found that Perez required "the option to alternate sitting and standing at will to relieve discomfort," but also found that Perez was "able to stand and/or walk six hours in an eight-hour workday; able to sit six hours in an eight hour workday." The need to sit and stand at will is incompatible with the ability to either sit or stand for six hours in an eight-hour workday. Moreover, both vocational experts testified that the need to alternate between sitting and standing at will for anything more than a momentary reprieve would preclude all work or all sedentary work that exists in significant numbers in the national economy. Accordingly, the ALJ's finding that Perez can perform light and sedentary work is not supported by substantial evidence.

## II

We affirm the district court on other claims raised by Perez. Substantial evidence supports the finding of the ALJ that Perez did not meet or equal a listed impairment under 20 C.F.R. Pt. 404, Subpt. P, App. 1. *Batson,* 359 F.3d at 1193. Substantial evidence also supports the ALJ's decision to discount Dr. Deere's assessment of Perez's residual functional capacity, as well as Perez's testimony regarding her subjective claims. *Bunnell v. Sullivan,* 947 F.2d 341, 343 (9th Cir.1991).

**REVERSED AND REMANDED.**